THE STATE OF MISSOURI at the relation of J. C. HATTON, Appellant, v. J. L. BABCOCK et al., Respondents.

**Kansas City Court of Appeals, April 4, 1904.**

**OFFICE AND OFFICERS: Payment of Salary: De Jure et de Facto.** Where a city in good faith pays the salary to a *de facto* officer holding under color of title it is not liable to an officer *de jure* for the same salary for the same time.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

AFFIRMED.

*W. D. Steele* and *John D. Bohling* for appellant.

(1) We admit that there are cases to the effect that where one is actually in possession of an office, performing its duties with color of title, before the right to the office has been determined against him by a competent tribunal, the municipality can not afterwards be compelled to pay the same salary to the *de jure* officer. But this rule by no means is uniform. People v. Smith, 28 Cal. 21; Carroll v. Siebenthaler, 37 Cal. 195; Andrews v. Portland, 79 Me. 485; Memphis v. Woodward, 12 Heisk. 499. (2) The salary and emoluments annexed to a public office in a municipality are incident to the title to the office, and not to its exercise or occupation. A party entitled to the office is therefore held to be entitled to such salary and emoluments, although he has never actually discharged the duties of the office. 5 Am. and Eng. Ency. Law, p. 109; People v. Timan, 8 Abb. Pr. 359; People v. Hopson, 1 Denio 579; Dolan v. New York, 68 N. Y. 274; McVeany v. New York, 80 N. Y. 192, 36 Am. Rep. 66; Memphis v. Woodward, 12 Heisk.

499, 27 Am. Rep. 750; People v. Smyth, 28 Cal. 21; People v. Outen, 28 Cal. 44; Carroll v. Siebenthaler, 37 Cal. 195; Comstock v. Grand Rapids, 40 Mich. 395; Stadler v. Detroit, 13 Mich. 347; Philadelphia v. Given, 60 Pa. 136; Beard. v. Decatur, 64 Tex. 7, 53 Am. Rep. 735.   (3)   The salary may be recovered by the *de jure* officer directly from the city.   Bastrop County v. Hearn, 70 Tex. 563; People v. Smyth, 28 Cal. 21; Carroll v. Siebenthaler, 37 Cal. 195; Ward v. Marshall, 96 Cal. 155; Worrell v. Carr,   129 Ind. 44, 13 L. R. A. 177; Andrews v. Portland, supra; Stadler v. Detroit, 13 Mich. 346; Selby v. Portland, 14 Ore. 243; Lee v. Wilmington, 1 Mary. (Del.) 65; Philadelphia v. Rink, 2 Atl. (Pa.) 505; Memphis v. Woodward, 12 Heisk. 499, 27 Am. Rep. 750; Williams v. Clayton, 6 Utah 86; Kendall v. Raybauld, 13 Utah 226; Morton v. Tieman, 30 Barb. 193; Smith v. Pease, 27 N. Y. 56, 84 Am. Dec. 242; Dennis v. Brennan, 30 How. Pr. 417; Dolan v. New York, 68 N. Y. 280, 23 Am. Rep. 168; McVeany v. New York, 80 N. Y. 185, 36 Am. Rep. 600; Fitzsimmons v. Brooklyn, 102 N. Y. 536, 55 Am. Rep. 835; Fylpaa v. Brown County, 6 S. D. 634; Scott v. Crump, 106 Mich. 288; Parker v. Dakota County Supers, 4 Minn. 59.   (4) The Missouri authorities are to the same effect.   Givens v. Daviess County, 107 Mo. 608; Fitzsimmons v. Brooklyn, 102 N. Y. 536; State ex rel. Chapman v. Wallbridge, 153 Mo. 194; Bates v. St. Louis, 153 Mo. 20; Gammon v. Lafayette County, 76 Mo. 675; State ex rel. v. Carr, 3 Mo. App. 6; State ex rel. v. Brown, 146 Mo. 401; Andrews v. Portland, 79 Me. 484; Memphis v. Woodward, 12 Heiskell 499; People ex rel. v. Smyth, 28 Cal. 21; Carroll v. Siebenthaler, 37 Cal. 193; Koontz v. Franklin County, 76 Pa. St. 154; Walker v. Cook, 129 Mass. 579; Hoke v. Henderson, 4 Dev. (N. C.) 1; City Council v. Sweeney, 44 Ga. 463; People ex rel. v. Brennan, 30 How. Prac. Rep. 417.

*A. L. Shortridge,* City Counselor, for respondents.

(1)   It was the duty of said board to issue certificates of election to the party receiving the largest number of votes. R. S. 1899, sec. 456, art. 1; State ex rel. v. Finley, 74 Mo. App. 213; State ex rel. Attorney-General v. Vail, 53 Mo. 97; State ex rel. v. Harrison, 38 Mo. 540; State ex rel. Metcalf v. Garesche, 3 Mo. App. 536; State ex rel. Metcalf v. Garesche, 65 Mo. 480. (2)   Meyer qualified as assessor. "Qualified" as used in the statute does not mean possessing the requisite qualifications.   The officer qualifies by taking and subsuribing the oath of office and giving the requisite bond. State ex rel. v. McCann, 88 Mo. 391; Hughlett v. Wellsville, 75 Mo. App. 344.   (3) The statute prescribing the qualifications of an office is merely directory, and although a person elected to the office does not possess the qualifications, his election would not be void by reason thereof.   One elected to an office, who has not the qualifications required by law is a *de facto* officer.   St. Louis County Court v. Sparks, 10 Mo. 80; Dolan v. Mayor, 68 N. Y. 278; Saline County v. Anderson, 20 Kan. 300; State ex rel. Vail v. Draper, 48 Mo. 213.   (4) The tenure of the relator's office was limited to two years, and until his successor was elected and qualified. When this was done he had no more right to the office than any other individual in the community.   St. Louis County Court v. Sparks, 10 Mo. 80.   (5)   The relator's recourse, if he had any, would be against Meyer.   State ex rel. v. Clark, 52 Mo. 508; State ex rel. v. Draper, 48 Mo. 213; Auditor v. Benoist, 20 Mich. 176; Dickerson v. Butler, 27 Mo. App. 14; Dolan v. Mayor, 68 N. Y. 278; Demorest v. Mayor, 147 N. Y. 208; Scott v. Crump, 106 Mich. 288; McVeany v. New York, 80 N. Y. 185.   (6) Our Supreme Court has recognized a distinction between the rule, applying where payment of a salary is made by the government, in good faith, to the officer *de facto,* while he is still in possession of the office, and the officer

*de jure* was prevented from holding the office and drawing the salary by reason of the fact that the officer *de facto* had intruded himself into the office under color of title, and the rule applying where the plaintiff was prevented from holding the office, and recovering the salary for which he was suing, by the wrongful act of the board of police commissioners in discharging him without cause. This distinction is also recognized by the Supreme Court of Michigan. State ex rel. v. Walbridge, 153 Mo. 194; Auditor of Wayne County v. Benoist, 20 Mich. 176; Smith v. Mayor, 37 N. Y. 518; Dolan v. Mayor, 68 N. Y. 278; Saline County v. Anderson, 20 Kan. 302; Demorest v. Mayor, 147 N. Y. 208.

BROADDUS, J.—This is a mandamus proceeding by the appellant against the mayor and board of aldermen of the city of Sedalia to compel them to allow the appellant his salary as city assessor for eight months from June 1, 1900, to February 1, 1901, at the rate of $50 per month.

At the general city election held in Sedalia in April, 1898, relator Hatton was duly elected city assessor for the term of two years and until his successor was duly elected and qualified; on April 9, 1898, he duly qualified as such city assessor and was thereupon commissioned by the mayor of said city as such assessor for the term of two years and until his successor was duly elected and qualified. Under said commission he took charge of said office June 1, 1898, and performed all the duties pertaining thereto until June 1, 1900. At the general city election on April 3, 1900, relator was a candidate for reelection to said office and one Mathew Meyer was also a candidate. At this election the latter received more votes than any other candidate and a certificate of election was issued to him and he afterwards subscribed to the oath of office and gave bond and the mayor issued him a commission for the term of two years from June 1, 1900, and until his successor was duly elected and

qualified. At the time said Meyer claimed to have been elected and subscribed to the oath of office and was so commissioned, he was in arrears to the city for his personal taxes. The relator Hatton at the time said Meyer qualified insisted and contended that Meyer was not eligible to hold said office for the reason of his being in arrears for said taxes and insisted that he, relator, was the legal and regular city assessor, and thereupon took possession of the blank assessment lists to be used for the year 1900 by procuring them out of the city clerk's office; thereupon said city clerk went before the police judge of Sedalia and swore out a complaint against Hatton, charging him with the crime of petit larceny by stealing said city assessment lists. A warrant was issued and Hatton, to avoid arrest, gave up the city assessment lists to the city clerk. On June 1, 1900, relator Hatton instituted *quo warranto* proceedings against said Meyer in the circuit court of Pettis county, to which Meyer duly entered his appearance. Afterwards the cause was taken by change of venue on application of Meyer to the circuit court of Cooper county where it was duly heard and tried on February 15, 1901, and said Meyer was ousted from office by said court. Hatton received no part of the salary of $50 per month from June 1, 1900, till February 1, 1901, and performed no services as city assessor during this time; but at all times was shown to have been ready and willing to perform such services. He demanded the salary of city assessor from the city council of said city from the first day of June, 1900, till the first day of February, 1901, and made such demand before any part of said salary was paid to said Mathew Meyer. The court denied said Hatton a peremptory writ of mandamus and he brings the case here by appeal.

This case falls within the rule laid down in Mechem on Public Office and Officers, sec. 332: "If payment of the salary or other compensation be made by the government in good faith to the officer *de facto* while he

is still in possession of the office, the government can not be compelled to pay it a second time to the officer *de jure* when he has recovered the office, at least when the officer *de facto* held by color of title." In State v. Walbridge, 153 Mo. 194, the court ·distinguished ·a case of this kind from one where there had been no intrusion into the office and no *de facto* officer and where the government paid no salary during the time for which it was claimed, and held that the claimant was entitled to his salary. Here, the city paid the salary of the *de facto* assessor holding under color of title in good faith. As the relator did not occupy the office he can not recover a salary from the city, it having paid the same to Meyers while he occupied the office and rendered the services. There has been much said and many authorities cited by the respective parties but the matter is too plain for further discussion.

Cause affirmed. All concur.